ROGERS, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s opinion except to the extent that it affirms the damages granted to the Paeths. The district court should have granted Worth Township’s motion for a new trial or for remitti-tur, because the damages awarded were grossly excessive. The proven unlawful actions by Worth Township consisted of two things: the failure to provide notice for the second variance hearing, and the posting of the stop work order without notice. The consequences of these actions lasted at most a few months, and the latter could have been resolved much more quickly had the Paeths simply reapplied for their building permit. Damages in both instances seem to involve preventing the Paeths from continuing construction and compelling them to file another appeal with the circuit court. There is no way that $275,000 worth of damages could be shown on the record.
The jury’s assigned damages cannot be justified when looking only at what resulted from the activity at issue here, as op *967 posed to the decade-long saga outlined in the briefs and to the jury. When George and Margaret Paeth testified about the financial and emotional strain they underwent, these injuries resulted only in small part from the proven unlawful activity. Nowhere is there mention of how any of the damages they mention relate to these two particular acts. Nor, as the Township points out, do the damages they claim for the decade have many fixed amounts attached to them. Perhaps if the entire tale were under consideration such an award could have been reasonable, but the district court’s instructions make it clear that the jury should only have looked to the proven unlawful activity of the Township; the jury does not seem to have listened. District courts are instructed only to remit if the verdict “resulted from passion, bias, or prejudice; or is so excessive or inadequate to shock the conscience of the court” Sykes v. Anderson, 625 F.3d 294, 322 (6th Cir.2010). This is an instance of a damages award that likely resulted from passion, and the amount should have shocked the conscience of the court. I would remand for the district court to enter a remittitur in the largest amount that the district court determines could reasonably be found as a result of the particular actions found by the jury to be First Amendment violations.